**KAZEROUNI LAW GROUP, APC**
Yana A. Hart, Esq. (SBN: 306499)
yana@kazlg.com
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Attorneys for Plaintiff
*Donna Andeola*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DONNA ANDEOLA,** individually and on behalf of all others similarly situated**,**<br><br>**Plaintiff,**<br><br>v.<br><br>**CLASSIFIED ADVERTISING VENTURES d/b/a SELLER NETWORKS,**<br><br>**Defendant.** | Case No.:<br><br>**<u>CLASS ACTION</u>**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.**<br><br>**Jury Trial Demanded** |

**INTRODUCTION**

1. Donna Andeola ("Plaintiff"), brings this action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Classified Advertising Ventures d/b/a Seller Networks ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

2. The TCPA was designed to prevent calls and messages like the ones described within this complaint and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls that are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub.L. No. 102-243, § 11. Toward this end, Congress found that:

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; *see also, Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional finding on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call […]." *Id*. at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act […] is well known for its provisions limiting junk-fax transmissions. A less litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered – and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

6. Plaintiff brings this case as a class action seeking damages for herself and all others similarly situated.

## JURISDICTION & VENUE

7. This Court has federal question jurisdiction because this case arises out of violation of federal law: TCPA, 47 U.S.C. § 227 et seq.

8. Because Defendant conducts business within the State of California, personal jurisdiction is established. In addition, Defendant intentionally and voluntarily directed its phone calls at Plaintiff, a California resident, and this action arises from this contact with the forum.

9. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons (i) Plaintiff resides in the County of San Joaquin, State of California, which is

within this judicial district; (ii) the conduct complained herein occurred within this judicial district; and (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES & DEFINITIONS

10. Plaintiff is, and at all times mentioned herein was, a natural person residing in the County of San Joaquin, in the State of California.

11. Defendant is, and at all times mentioned herein, was a Nevada limited liability corporation headquartered in Las Vegas, NV. Defendant is authorized to and regularly conducts business within the State of California.

12. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. §153 (39).

## FACTS

13. Plaintiff is, and has been at all times relevant to this action, the regular and sole user of her cellular telephone number—(209) 561-XXXX.

14. Plaintiff wanted to sell her vehicle on craigslist directly to the end consumer.

15. Shortly after placing her ad, she began receiving unwanted unsolicited marketing calls from Defendant advertising its marketing programs to Plaintiff.

16. Plaintiff is not a customer of Defendant, nor has Plaintiff ever done business with Defendant. Plaintiff never sought Defendant's business, and did not authorize any pre-recorded or automated robotic calls to her cellular number.

17. Nonetheless, on or about December 13, 2019, at approximately 9:54AM and at approximately 1:17PM, Defendant made two unsolicited calls to Plaintiff's cellular telephone number from the number 415-463-3076. During the first call, Defendant attempted to solicit Plaintiff's business.

18. The call on December 13, 2019 was a prerecorded message in which Defendant advertised its business and sought to provide assistance in advertising to help sell vehicles. Plaintiff, annoyed with the marketing calls,



1    waited to hear for the instructions on how to opt out from the annoying

2    marketing calls, and instead of instructions on the opt out, after the pre-

3    recorded message ended, Plaintiff was automatically connected to a

4    representative who began to solicit Plaintiff's business (i.e. advertising of

5    Defendant's program).

6  19. Plaintiff, frustrated with the unsolicited call, stated that she was not interested

7    and asked to cease the calls.

8  20. On or about December 26, 2019, at approximately 9:23AM, Defendant made

9    yet another unsolicited marketing call to Plaintiff's cellular telephone number

10   from the number 415-463-3076.  A true and correct copy of the December 13

11   and December 26 calls placed by Defendant is reproduced below:



21.   On or about December 14, 2019, at approximately 10:16AM, 10:17AM and again at approximately 10:18AM, Defendant made three unsolicited marketing calls to Plaintiff's cellular telephone number from the number 702-707-6579. A true and correct copy of the marketing calls placed by Defendant on December 14 is reproduced below:



22.   Defendant initiated multiple telephonic communications to Plaintiff's cellular telephone. Plaintiff found these communications excessive, inconvenient,

harassing, placed in complete disregard of Plaintiff's privacy and requested to cease all of the autodialed communications with Plaintiff.

23. Plaintiff did not give Defendant prior express written consent to make calls to her cellular telephone number by using an automatic telephone dialing system or prerecorded voice. In fact, Plaintiff even expressly asked Defendant to stop calling her.

24. Upon information and belief, Defendant has a policy and regular practice of placing calls to consumers using a pre-recorded or automated voice or an ATDS.

25. The TCPA clearly prohibits making non-emergency calls "using any [ATDS] or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . .." 47 U.S.C. § 227(b)(1)(A). The statute provides for $500.00 in statutory damages for each negligent violation, id. § 227(b)(3)(B). However, if the court finds that the defendant "willfully or knowingly" violated the TCPA, it can award up to $1,500 in statutory damages. *Id.*

26. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

27. Plaintiff is informed and believes and here upon alleges, that this call was made by Defendant or Defendant's agent, with Defendant's permission, knowledge, control and for Defendant's benefit.

28. Moreover, Plaintiff is informed and believes and here upon alleges, that Defendant or Defendant's agent, with Defendant's permission, knowledge, control and for the Defendant's benefit, "willfully or knowingly" utilized a prerecorded voice in conjunction with its ATDS in violation of well-established federal law prohibiting such conduct.

29. As a result thereof, Plaintiff has been damaged as set forth in the Prayer for Relief herein.

30. Plaintiff seeks statutory damages and injunctive relief under 47 U.S.C § 227(b)(3).

### CLASS ACTION ALLEGATIONS

31. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated ("the Class").

32. Plaintiff represents, and is a member of, the Class, consisting of:

> All persons within the United States who received any call from Defendant or its agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system or prerecorded voice within the four years prior to the filing of this Complaint.

33. Defendant and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number is in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

34. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and the Class members via their cellular telephones thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, by having to retrieve or administer messages left by Defendant or its agents, during those illegal calls, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

35. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the

right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

36. **Numerosity.** The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records and/or Defendant's agent's records.

37. **Existence and Predominance of Common Questions of Law and Fact.** There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    i. Whether, within the four years prior to the filing of the Complaint, Defendant made any call(s) (other than a call made for emergency purposes or made with the prior express consent of the called party) to the Class members using any ATDS or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

    ii. Whether Defendant's conduct was knowing and/or willful;

    iii. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation(s); and

    iv. Whether Defendant should be enjoined from engaging in such conduct in the future.

38. **Typicality.** As a person who received calls from Defendant in which Defendant used an ATDS and an automated and prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

39.   Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  The size of Class member's individual claims causes, few, if any, Class members to be able to afford to seek legal redress for the wrongs complained of herein.

40.   **Adequacy of Representation.** Plaintiff will fairly and adequately represent and protect the interests of the members of the Class in that Plaintiff has no interest antagonistic to any Class member. Further, Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

41.   **Superiority.** A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with federal law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal.  Management of these claims is likely to present significantly fewer difficulties than those that would be presented in numerous individual claims.

42.   Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION:**

**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.**

43.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The foregoing acts and omissions of Defendant constitute multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

45. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

46. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION:**

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE**

**CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.**

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The foregoing acts and omissions of Defendant constitute multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

49. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and each member of the Class is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

50. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

51. Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and each Class member the following relief against Defendant:

- Certify the Class as requested herein;
- Appoint Plaintiff to serve as the Class Representative in this matter;

- Appoint Plaintiff's Counsel as Class Counsel in this matter; and
- Any such further relief as may be just and proper.

In addition, Plaintiff and the Class pray for further judgment as follows against each Defendant:

## FIRST CAUSE OF ACTION
## FOR NEGLIGENT VIOLATION OF
## THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION
## FOR KNOWING AND/OR WILLFUL VIOLATION
## OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

//
//

**TRIAL BY JURY**

52.   Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

Date: August 11, 2020                    **KAZEROUNI LAW GROUP, APC**

By:  *s/ Yana A. Hart*
      Yana A. Hart, Esq.
      *Attorneys for Plaintiff*